```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
GARY T. SCHMIDT,                  )
                                  )   No. CV-09-0221-CI
          Plaintiff,              )
                                  )   ORDER DENYING PLAINTIFF'S
v.                                )   MOTION FOR SUMMARY JUDGMENT
                                  )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner   )   MOTION FOR SUMMARY JUDGMENT
of Social Security,               )
                                  )
          Defendant.              )
                                  )
```

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 16.) Attorney Maureen J. Rosette represents Gary Schmidt (Plaintiff); Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

### JURISDICTION

Plaintiff protectively filed for disability benefits (DIB) and Supplemental Security Income (SSI) on February 15, 2007. (Tr. 123.) He alleged disability due to paranoid schizophrenia, affective disorder and bipolar disorder, with an alleged onset date of May 1, 1998. (Tr. 113.) Benefits were denied initially and on appeal, after which Plaintiff requested a hearing before an administrative law judge (ALJ). A hearing before ALJ Paul Gaughen was held on March 18, 2009. (Tr. 28-44.) Plaintiff, through his representative,

waived his appearance. (Tr. 31.) Medical expert Scott Mabee, Ph.D., and vocational expert Deborah LaPoint (VE) testified. (Tr. 29.) The ALJ denied benefits on March 31, 2009, and the Appeals Council denied review. (Tr. 18-27, 7-9.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and briefly summarized here. Plaintiff did not attend the hearing, at which Plaintiff's representative waived Plaintiff's appearance and proceeded with the hearing. (Tr. 31.) The record shows Plaintiff was 46 years old at the time of the hearing, had completed 11th grade and obtained a high school equivalency degree. He also had attended some college courses. (Tr. 41, 317.) During mental health evaluations, Plaintiff reported a significant history of drug and alcohol abuse between 1988 and 2006, including cocaine and methamphetamine. (Tr. 284, 317.) He also

reported past psychiatric hospitalizations, the most recent in 2005, at Kootenai Medical Center and Idaho State Hospital. (Tr. 316.) In his application, Plaintiff reported past work experience as a cook, janitor, and landscape worker. (Tr. 114.) Plaintiff alleges his mental disorders render him unemployable.

**ADMINISTRATIVE DECISION**

Regarding Plaintiff's application for DIB, ALJ Gaughen found, "the claimant's representative amended the alleged onset date from May 1, 1998, to the date of application, February 15, 2007. Because the claimant's date of last insured for Title II [DIB] benefits is March 31, 1999, his application for said benefits is moot." (Tr. 18.) This finding is not contested. Therefore, Plaintiff's SSI application is the only claim before the court on review.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 15, 2007, the amended alleged onset date. (Tr. 20.) At step two, he found Plaintiff had severe impairments of schizoaffective disorder, antisocial personality disorder and polysubstance abuse in remission. (*Id*.) He also determined alleged back pain was a non-severe impairment. (Tr. 21.) At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings), Sections 12.04, 12.08 or 12.09. (*Id*.) The ALJ found Plaintiff's allegations of disabling symptoms and limitations lacked credibility. (Tr. 25-26.) At step four, he determined Plaintiff had the residual functional capacity to perform medium level work with numerous non-exertional limitations caused by mental

impairments. (Tr. 23.) However, based on the case record and VE testimony, he determined Plaintiff's mental impairments did not preclude performance of his past relevant work as a janitor; therefore, Plaintiff was not found disabled as defined by the Social Security Act. (Tr. 23-27.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) rejected the opinions of examining psychologist Kayleen Islam-Zwart, Ph.D., and mental health provider Laura Calkins, B.S.W.; (2) improperly relied on non-examining medical source opinions; (3) presented an incomplete hypothetical to the VE; and (4) failed to include all limitations supported by the evidence in the final RFC. (Ct. Rec. 14 at 7-13.)

**DISCUSSION**

**A.   Evaluation of Acceptable Medical Source Opinions**

During disability proceedings, the ALJ evaluates medical evidence submitted and must explain the weight given to probative opinions of accepted medical sources in the record. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Acceptable medical sources include licensed physicians and psychologists. The Regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. §§ 404.1527, 416.927. A treating physician's opinion carries more

weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830. If the medical opinion is contradicted, it can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043.

State agency psychological consultants are experts in the evaluation of medical issues in disability claims. Their findings are treated as expert opinion evidence of non-examining sources by the ALJ. *Social Security Ruling* (*SSR*) 96-6p. The opinion of a non-examining medical expert or state agency consultant by itself cannot be considered substantial evidence that supports the rejection of a treating or examining physician. *Lester*, 81 F.3d at 831. Medical experts may testify at the administrative hearing to assist the ALJ in his evaluation of the medical evidence. *Andrews,* 53 F.3d at 1041. Testimony of a medical expert may serve as substantial evidence when supported by and consistent with other evidence in the record. *Id.*

Nurse practitioners and mental health therapists acting independently are not "acceptable medical sources" under the Regulations; however, as "other sources," their opinions as to the effects of impairments on a claimant's ability to work must be considered and the weight given explained. 20 C.F.R. §§ 404.1513(d);

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

416.913(d); *SSR* 06-03p.

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Credibility is a factor legitimately weighed in the evaluation of medical opinions. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

Here, Plaintiff presented documentation of a long history of mental illness, including several psychiatric hospitalizations. The ALJ summarized the medical evidence, including medical expert testimony from Dr. Mabee. (Tr. 21-23, 24-26.) Assigning great weight to Dr. Mabee's interpretation of the case record, which did not include Dr. Islam-Zwart's 2008 evaluation, the ALJ concluded Plaintiff had mental impairments that were severe, but these would not prevent him from doing his past work. (Tr. 27.) In doing so, he specifically rejected Dr. Islam-Zwart's opinions that Plaintiff exhibited severe psychiatric symptoms and was not able to work now and probably not in the future, even though he was being treated with psychotropic medication and psychotherapy. (Tr. 406.)

Dr. Islam-Zwart's opinions were contradicted by several acceptable medical sources in the record. For example, Dr. Bailey's May 2007 evaluation, which consisted of an interview and objective psychological testing, did not indicate Plaintiff was totally disabled. Further, test results showed affirmative evidence of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

malingering. (Tr. 318). Dr. Bailey opined Plaintiff reported mostly independent activities of daily living, demonstrated adequate social functioning, tested at a high average range of intelligence, and was capable of multi-step tasks. Dr. Bailey noted Plaintiff's antisocial behaviors were likely caused by substance abuse. He also observed it was difficult to evaluate Plaintiff's actual concentration and persistence capabilities, and recommended obtaining additional evidence in this area. (Tr. 319.) In his evaluation, Dr. Bailey noted Plaintiff's disability conviction, and records from prior psychiatric hospitalizations which referenced invalid psychological test results indicating "significant embellishment of pathology." (Tr. 192, 316.) The ALJ gave more weight to Dr. Bailey's assessment than to Dr. Islam-Zwart's because of "its consistency with the remaining evidence" in the record. (Tr. 26.)

Plaintiff contends the reasons given for rejecting Dr. Islam-Zwart's opinion he could not work are not legally sufficient because they are supported only by the medical opinions of non-examining medical sources Dr. Jerry Gardner and Dr. Mabee. This argument is not persuasive. The ALJ gave specific and legitimate reasons for rejecting Dr. Islam Zwart's conclusion that Plaintiff was unable to work. (Tr. 26.) He found Plaintiff's self-report of severe symptoms relied upon by Dr. Islam-Zwart was not reliable; this is supported by affirmative evidence of malingering throughout the record.[1] (Tr. 26.) Once a claimant's self-report is found

---

[1] The ALJ's credibility findings are not challenged. The ALJ referenced objective evidence of malingering and symptom

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

unreliable, the ALJ may legitimately discount a medical source opinion of disability based largely on the claimant's description of his symptoms. *Andrews,* 53 F.3d at 1043. The ALJ also found the medical evidence from other providers (1) indicated Plaintiff's symptoms were controlled adequately with medication when he was compliant, and (2) did not reflect a diagnosis of major depressive disorder of the severe panic attacks reported by Dr. Islam-Zwart. (Tr. 26, 243, 318-19, 348, 406.) Finally, the ALJ found Dr. Islam-Zwart's observation that Plaintiff "exhibited mental control within normal limits" and her disregard of his extensive history of substance abuse in her evaluation were reasons to give less weight to her opinions than those of other medical sources (examining and non-examining) whose opinions were consistent with the evidence in its entirety. (Tr. 26.) These are specific legitimate reasons to discount an examining psychologist's opinion. *Andrews,* 53 F.3d at 1043. The ALJ's rejection of Dr. Islam-Zwart's opinion that Plaintiff could not work due to mental impairments is legally sufficient and supported by substantial evidence.

Further, the ALJ's reliance on Dr. Gardner's report and Dr. Mabee's testimony is not error. The fact that these experts are non-examining medical sources does mean their opinions deserve little weight. *Lester*, 81 F.3d at 831. As held by the Ninth Circuit, opinions from non-examining medical advisors "may serve as

---

embellishment; the Commissioner's credibility determination is supported by legally sufficient reasons and substantial evidence. The ALJ did not err in discounting opinions based on Plaintiff's unreliable self-report. *Flaten,* 44 F.3d at 1464.

substantial evidence when they are supported by other evidence in the record and consistent with it." *Andrews*, 53 F.3d at 1041. Both Dr. Gardner and Dr. Mabee reviewed the case record, including reports written before the alleged onset date, and noted evidence of malingering, substance abuse (that was noted to be contributing factor to his psychoses), the effectiveness of medication in decreasing psychotic symptoms, and inconsistencies between Plaintiff's presentation and reported symptoms. (Tr. 37-38, 266, 357, 422, 425.) The records show their opinions are supported by medical evidence from 2005 to the date of the hearing, including opinions from other acceptable medical sources, *e.g.,* Drs. Arrienda, Wait, Gentile, Vandriver, Creel. (Tr. 20-22.) The ALJ did not err in his reliance in part on Dr. Mabee's interpretation of the medical records and Dr. Gardner's mental RFC assessment based on a review of the record in 2007. Because the ALJ gave specific, legitimate reasons for the weight given probative medical opinions, and substantial evidence reasonably supports his evaluation, his resolution of conflicts in the medical evidence is affirmed.

**B.  Other Source Opinions**

Treatment notes from Spokane Mental Health show Ms. Calkins provided counseling services for Plaintiff between October 2006 and March 2007. (Tr. 286-301.)  In March 2007, Ms. Calkins wrote a one paragraph letter, "To whom it may concern," in which she opined Plaintiff was unable to perform work-related activities on a short term or long term basis. (Tr. 285.) As a mental health therapist, Ms. Calkin's opinions are considered "other source" opinions which generally are given less weight than those of an acceptable medical

source. Nonetheless, the ALJ is obliged to consider other source opinions as to how Plaintiff's impairments affect his functional abilities. If the ALJ rejects the opinions, his reasoning must be specific and "germane" to the other source. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (*citing Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993).

In *Social Security Ruling* 06-03p, the Commissioner advises adjudicators that "[e]ach case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case." *Id*. Among the factors considered in assigning weight or rejecting other source opinions are: the treatment relationship, including length, nature and frequency of contact; how well the source explains an opinion and presents evidence to support of the opinion; how consistent the opinion is with medical evidence; and whether the source has a specialty or expertise. *Id*.

In his discussion of the evidence and Plaintiff's RFC, the ALJ noted Ms. Calkins' opinion "that claimant is not capable of work because of his symptoms." (Tr. 26.) He gave this opinion little weight because (1) it was not supported by medical evidence in the record, and (2) under the Regulations, her opinions as a social worker are assigned less weight than acceptable medical source opinions. (Tr. 26.) Although the ALJ did not reject specific findings by Ms. Calkins, as discussed *infra,* he did not err in discounting her opinion.

As is the case with acceptable medical source opinions, the ALJ is not obliged to accept opinions that are conclusory, unexplained, and unsupported by clinical findings. *See Thomas v. Barnhart*, 278

F.3d 947, 957 (9th Cir. 2002). Here, Ms. Calkins' only professional opinion was that Plaintiff "was unable to perform any work-related activities on a short term, or long term basis." (Tr. 285.) However, she did not explain what specific symptoms or limitations she observed or opine on how they would limit Plaintiff's work related functioning. (Tr. 285.) Because she did not offer findings on how specific, observed limitations affected Plaintiff, there were no specific findings for the ALJ to reject. Further, independent review shows Ms. Calkins sparse progress notes, which could have supported her opinions if there had been inferences to be drawn, consist of Plaintiff's subjective complaints, which the ALJ found not credible. Opinions based on a claimant's unreliable self-report are properly rejected by the adjudicator. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Finally, the determination of disability is reserved solely to the Commissioner; even if Ms. Calkins' letter were improperly rejected, the error is harmless because her "other source" opinion that Plaintiff cannot work due to mental limitations is not conclusive evidence of disability. *SSR 06-03p*. The ALJ properly considered Ms. Calkins' testimony and did not err in giving it little weight.

**C.   Step Four: RFC and VE testimony**

Plaintiff argues the ALJ failed to include all of his limitations in the final RFC determination. Specifically, he contends the ALJ did not include limitations identified by Dr. Gardner, whose opinion the ALJ relied upon in rejecting functional limitations assessed by Dr. Islam-Zwart. (Ct. Rec. 14 at 13; Tr. 26-27.) However, the Commissioner's final RFC determination is not a "medical issue" under the Regulations; it is an administrative

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

finding based on all relevant evidence in the record, not just medical evidence.  20 C.F.R. § 416.945.  The RFC determination represents the most a claimant can still do despite his physical and mental limitations.  *Id*.  The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner.  20 C.F.R. § 416.946; *SSR* 96-5p.  No special significance is to be given to a medical source opinion on issues reserved to the Commissioner.  20 C.F.R. § 416.927(e).

In explaining the weight given medical evidence, an ALJ is not required to recite specific words in rejecting medical opinions. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).  On review, the court can read the adjudicator's summary of the evidence and findings and draw legitimate inferences from the adjudicator's decision relevant to the medical source's opinion.  *Id*.  Here, Plaintiff fails to specify which unrejected limitations were excluded from the RFC determination and how their inclusion would change the outcome of these proceedings.  Generally, this lack of specificity will preclude review by the court.  *See Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  Nonetheless, in this case, inferences legitimately can be drawn that the ALJ incorporated the majority of Dr. Gardner's RFC and narrative limitations into the final RFC determination.  (Tr. 340-57.)

For example, the ALJ found limitations in social interaction and collaborative work; restrictions in work environments, *i.e.*, predictable work routine, drug and alcohol-free; limits on executive judgment and function; and mild limitations due to personality issues.  (Tr. 23, 340-42.)  These limitations are consistent with

functional limitations noted by the examining and non-examining medical sources and evaluated by the ALJ and discussed above. The ALJ's final RFC determination represents a reasonable interpretation of the entire medical record and Plaintiff's credible statements.

It is also noted on review that the hypothetical presented to the VE at step four reflects substantially all of the functional limitations and personality issues included in the final RFC determination: medium level work;[2] higher than average intelligence; ability to follow simple, detailed instructions; mild limitations due to personality issues; limitations on sophisticated social interaction or collaborative work; perfunctory interactions with the public and co-workers; need for an alcohol/drug free environment and routine work environment; and limitations in making complex judgments or executive type functions. (Tr. 41-42.) Therefore, the VE's testimony that the hypothetical individual could perform work as a janitor is substantial evidence that amply supports the ALJ's finding that Plaintiff could perform his past work. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). Because the evidence reasonably supports the ALJ's reasoning and findings, the court may not second-guess the Commissioner's determination. *Tackett*, 180 F.3d at 1097. Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

---

[2] The ALJ properly considered non-severe back problems mentioned in the medical records and reduced Plaintiff's physical RFC to medium level in the hypothetical individual and the RFC determination. (Tr. 21, 23, 42-42.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

**DENIED;**

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED September 14, 2010.

<pre>
                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE
</pre>